**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ESTATE OF NICHOLAS A. MASTROIANNI, SR., by Its Co-Executors, Nicholas Mastroianni II, John Mastroianni, and Stephanie Mastroianni<br>Plaintiff,<br>v.<br>U.S. BANK, N.A.,<br>Defendant. | C.A. No. 24-cv-01040-CFC |
| ESTATE OF ARLENE SEARS, by Its Special Administrator, Howard Sears<br>Plaintiff,<br>v.<br>U.S. BANK N.A. and FINANCIAL CREDIT INVESTMENT III TRUST B,<br>Defendants. | C.A. No. 24-cv-00914-CFC |
| ESTATE OF SALLY COLE, by Its Special Administrator, Susan Cole Rome,<br>Plaintiff,<br>v.<br>U.S. BANK N.A. and FINANCIAL CREDIT INVESTMENT III TRUST B,<br>Defendants. | C.A. No. 25-cv-00239-CFC |

**MOTION TO MODIFY BRIEFING ORDER REGARDING**
**<u>SUMMARY JUDGMENT ON THE BANK LIABILITY ISSUES</u>**

Plaintiffs, the Estate of Nicholas Mastroianni, the Estate of Arlene Sears, and the Estate of Sally Cole (the "Estates"), respectfully request that the Court modify the currently-applicable briefing orders for consolidated briefing of these Actions to permit that (1) the Estates' may file a separately-numbered Answering Concise Statement of Material Facts that shall be limited to 3,000 words, and (2) U.S. Bank may file a Response to the Estates' Answering Concise Statement of Material Facts that shall be limited to 3,000 words.

The Estates submit that good cause exists for this modification so that the Court has all material facts before it in deciding U.S. Bank's consolidated motions.

In support, the Estates state as follows:

1. On July 20, 2026, U.S. Bank filed its consolidated motions for summary judgment on the "Bank Liability Issues."

2. The Parties, with the Court's approval, entered into a briefing schedule to accommodate the consolidated briefing of the Bank Liability Issues in these Actions. (*Sears*, D.I. 179); (*Mastroianni*, D.I. 105); (*Cole*, D.I. 96).

3. On July 13, 2026, U.S. Bank's counsel proposed the consolidated briefing across these three Actions, along with a moderate increase for opening and answering briefs to 7,000 words, 3,000 words for statements of fact, and 4,000 words for U.S. Bank's Reply.

4. On July 14, 2026, the Estates' counsel responded, proposing an increase to 8,000 words for the briefs, acknowledging that in similar cases involving three insureds, the Parties had agreed to 15,000 words.

5. The Estates had envisioned filing a Response to U.S. Bank's separately-numbered Concise Statement of Material Facts, admitting or disputing the facts set forth by U.S. Bank, along with the Estates' own separately-numbered Answering Concise Statement of Material Facts.

6. In these life insurance actions, the Parties typically cross-move for summary judgment, thereby enabling the Parties to both present to the Court all material facts which they believe the Court should consider in resolving the motions.

7. Paragraph 3 of the stipulation initially drafted by U.S. Bank's counsel and ultimately submitted by the Parties submitted had provided that "[t]he word limits for U.S. Bank's opening and the Estates' answering concise statement of material facts shall both be extended from 1,500 words to 3,000 words."

8. As the Estates were preparing their opposition materials, counsel realized the Orders were inartfully drafted and did not expressly reflect counsel's expectation of responding to U.S. Bank's Concise Statement of Material Facts, along with a separately-numbered Answering Concise Statement of Material Facts for the Estates.

9. On August 13, 2026, the Estates' counsel spoke via phone with U.S. Bank's counsel and followed up in email to clarify the Estates' understanding of the briefing order, and explained that the Estates' anticipated filing both (1) a response to U.S. Bank's Concise Statement of Material Facts, admitting or disputing the facts set forth therein, and (2) a separately-numbered Answering Concise Statement of Material Facts setting forth the Estates' material facts.

10. The Estates' counsel proposed a stipulation be filed with the Court to clarify the Briefing Orders and expressly state that the Estates' may file both a response to U.S. Bank's facts and the Estates' separately numbered statement, both limited to 3,000 words. And, along with its Reply, U.S. Bank would be entitled to a 3,000 word response to the Estates' Answering Concise Statement of Material Facts.

11. On August 17, 2026, the Estates' counsel followed up with U.S. Bank's counsel and provided a draft Stipulation and [Proposed] Order setting forth the proposal.

12. U.S. Bank's counsel responded that the additional 6,000 words would cause an undue burden on the Court.

13. On August 17, 2026, the Parties' counsel met and conferred via telephone. The Estates' counsel explained that it believe the Court should have all

the relevant and material facts before it to resolve these consolidated motions, which would require this minor modification.

14. U.S. Bank responded that it disagrees and that opposes the request.

15. Accordingly, the Estates file this Motion requesting that the Court modify the briefing on the Bank Liability Issues as follows:

a. The Estates are permitted to file both a Response to U.S. Bank's Concise Statement of Facts and a separately-numbered Answering Concise Statement of Materials Facts, both of which shall have a 3,000 word limit and will be the same filed in each action.

b. U.S. Bank shall have a 3,000 word limit for its Response to the Estates' separately-numbered Answering Concise Statement of Material Facts, that will be the same filed in each action.

16. No other word limits or deadlines would be affected by the Estates' requested relief.

17. The Estates submit that good cause exists for the minor modification. The Estates submit that permitting the Estates' Answering Concise Statement of Fact will enable the Court to have full consideration of the material facts relating to U.S. Bank's involvement and roles with the Policies. The briefing on the Bank Liability Issues across these three cases has been consolidated, and condensed

significantly, and the Estates submit this modification ensures that the Court has all material facts before it in considering U.S. Bank's Motion.

18. A proposed form of Order is submitted with this Motion, along with the Estates' proposed Answering Concise Statement of Fact.

**COZEN O'CONNOR**

*/s/ Kaan Ekiner*
Kaan Ekiner (No. 5607)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

-and-

Michael J. Miller (*pro hac vice*)
Brian D. Burack (*pro hac vice*)
Duncan R. Becker (*pro hac vice*)
Benjamin J. Kampf (*pro hac vice*)
**COZEN O'CONNOR**
1650 Market Street, Suite 2800
Philadelphia, PA 19103

*Attorneys for the Plaintiffs, the Estate of Nicholas Mastroianni, the Estate of Arlene Sears, and the Estate of Sally Cole*

Dated: August 17, 2026